**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>*This Document Relates To:*<br><br>American Surgical Arts, P.C., v. Multiplan, Inc. et al; 1:24-cv-08519 | Case No. 1:24-cv-06795<br><br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**DIRECT ACTION PLAINTIFF SHORT-FORM COMPLAINT**

The Plaintiff named below files this Short-Form Complaint and (if checked off below) Demand for Jury Trial against the Defendant(s) named below by and through the undersigned counsel. Plaintiff incorporates by reference the factual allegations, as well as the claims and relief checked off below, sought in Plaintiffs' Consolidated Master Direct Action Plaintiff Complaint ("Consolidated Master DAP Complaint") as it relates to the named Defendant(s) (checked-off below), filed in *In re Multiplan Health Insurance Provider Litigation,* MDL No. 3121, in the United States District Court for the Northern District of Illinois. Plaintiff files this Short-Form Complaint pursuant to the Proposed Case Management Order regarding the Consolidated Master Complaint and Individual Short Form Complaints for Direct Action Plaintiffs, filed on the MDL Docket (No. 1:24-cv-06795) at ECF 170.

Plaintiff indicates by checking the relevant boxes below the Parties, Designated Forum, Jurisdiction and Venue, Causes of Actions and other Relevant Information specific to Plaintiff's case. Plaintiff, by and through the undersigned counsel, alleges as follows:

1

I. **IDENTIFICATION OF PARTIES**

**A. PLAINTIFF**

1. Name of the Plaintiff alleging claims against Defendant(s): American Surgical Arts, P.C.

2. For each Plaintiff that is a corporation, list the state of incorporation and state of principal place of business. For each Plaintiff that is an LLC or partnership, list the state citizenship of each of its members. For each Plaintiff that is a natural person, list the state of residency and citizenship at the time of the filing of this Short-Form Complaint [Indicate State[s]]:

- New Jersey (incorporation)
- New Jersey (principal place of business)

**B. DEFENDANT(S)**

3. Plaintiff names the following Defendant(s)[1] in this action [*Check all that apply*]:

| | |
|---|---|
| X | Multiplan |
| X | Aetna, Inc., a subsidiary of CVS Health Corporation |
| | Blue Shield of California Life & Health Insurance Company |
| | Blue Cross Blue Shield of Michigan Mutual Insurance Company |
| | Aware Integrated, Inc. and BCBSM, Inc. d/b/a Blue Cross Blue Shield Of Minnesota |
| | Cambia Health Solutions, Inc. f/k/a The Regence Group |
| | Centene Corporation |
| | The Cigna Group |
| X | Elevance Health, Inc. f/k/a Anthem, Inc. |
| | Health Care Service Corporation |

---

[1] Each Defendant named in this Short-Form Complaint acted directly or through each of that entity's executives, employees, directors, and majority-owned subsidiaries. For example, UnitedHealth Group Inc. acted directly or through, among others, the following majority-owned subsidiaries: United Healthcare Insurance Company, and its affiliates; United Healthcare Services Inc.; United Healthcare Service LLC; Oxford Benefit Management, Inc.; UMR, Inc.; Sierra Health and Life Insurance Company, Inc.; Sierra Health-Care Options, Inc.; Health Plan of Nevada, Inc.; and United Healthcare of Florida, Inc

2

| | |
|---|---|
| ☐ | Highmark Health |
| ☐ | Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey |
| ☐ | Humana Inc. |
| ☐ | Kaiser Foundation Health Plan, Inc. |
| ☐ | Molina Healthcare, Inc. |
| ☐ | UnitedHealth Group Inc. |
| ☐ | Allied National, LLC |
| ☐ | Benefit Plans Administrators of Eau Claire, LLC |
| ☐ | Central States, Southeast and Southwest Areas Pension Fund |
| ☐ | Consociate, Inc. d/b/a Consociate Health |
| ☐ | Healthcare Highways Health Plan (ASO), LLC |
| ☐ | Secure Health Plans Of Georgia, LLC D/B/A Secure Health |
| ☐ | Sanford Health Plan |
| ☐ | CareFirst |
| ☐ | Blue Cross Blue Shield of Massachusetts |

**C. OTHER DEFENDANTS**

For each "Other Defendant" Plaintiff contends are additional parties and are liable or responsible for Plaintiff's damages alleged herein, Plaintiff must identify by name each Defendant and its citizenship, and Plaintiff must plead the specific facts supporting any claim against each "Other Defendant" in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff may attach additional pages to this Short-Form Complaint.

| | NAME | CITIZENSHIP |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |

4867-1557-9896v.1

## II. DESIGNATED FORUM

4. For Direct Filed Cases: Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing: _____

5. For Transferred Cases: Identify the Federal District Court in which the Plaintiff originally filed and the date of filing:   United States District Court for the Southern District of New York

## III. JURISDICTION AND VENUE

6. Subject Matter Jurisdiction in is based on:

   ☐ Diversity of Citizenship
   ☒ Federal Question
   ☒ Other (The basis of any additional grounds for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

   Venue is proper in the Southern District of New York under Section 12 of the Clayton Antitrust Act, 15 U.S.C. § 22, and 28 U.S.C. § 1391, because one or more of Defendants maintain business facilities, have agents, transact business, and are otherwise found within the Southern District of New York, including, with respect to MultiPlan, by carrying out its business in that district and, with respect to every other Defendant, by contracting with MultiPlan to serve as its agent and transacting business with MultiPlan with respect to the pricing and other concerted conduct at issue in this litigation.

   Personal jurisdiction exists in the Southern District of New York over each Defendants under Section 12 of the Clayton Antitrust Act, 15 U.S.C. § 22, and New York's long-arm statute, NY CPLR § 302. MultiPlan is domiciled and has its principal place of business in New York and each Defendant, directly or through their divisions, subsidiaries, predecessors, agents, or affiliates, may be found in and transacts business in New York, including by sending confidential, proprietary claims data concerning claims for out-of-network services to MultiPlan for pricing using MultiPlan's pricing methodology; using MultiPlan's common pricing methodology to set prices and pay claims for out-of-network services; and entering into agreements with co-conspirators located in New York to set prices for out-of-network services using a common pricing methodology; and each Defendant outside New York derives substantial revenue from interstate commerce and either engaged in tortious acts in New York or expects or committed tortious acts outside New York causing injury to property in New York and should reasonably expect their tortious acts to have consequences in New York.

4867-1557-9896v.1

## IV. FACTS AND INJURIES ASSERTED

7. Plaintiff adopts all paragraphs of the Consolidated Master DAP Complaint by reference, except for the allegations set forth in any cause of action that Plaintiff does not adopt (as indicated below).

8. Plaintiff adopts and alleges as injuries resulting from the challenged conduct the injuries to DAPs set forth in the Consolidated Master DAP Complaint.

## V. ADDITIONAL FACTS DEMONSTRATING STANDING TO BRING CAUSES OF ACTION

9. Plaintiff alleges the following additional facts in support of its standing to bring causes of action:

   _____
   _____
   _____
   _____

## VI. CAUSES OF ACTION ASSERTED

10. Plaintiff adopts and asserts the following Causes of Action alleged in the Consolidated Master DAP Complaint, and the allegations with regard thereto, against the Defendants identified above, are adopted in this *Short-Form Complaint* by reference (*check all that are adopted*).

| Check all that apply | Count | Cause of Action | Law pursuant to which the cause of action is asserted in the Master Complaint |
|---|---|---|---|
| X | I | Horizontal Agreements in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| X | II | Hub-And-Spoke Agreement in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| X | III | Principal-Agent Combinations in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| X | IV | Agreements to Unreasonably Restrain Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |

4867-1557-9896v.1

| Check all that apply | Count | Cause of Action | Law pursuant to which the cause of action is asserted in the Master Complaint |
|---|---|---|---|
| X | V | Anticompetitive Information Exchange (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| X | VI | Violation of State and D.C. Antitrust Statutes | Illinois |
| X | VII | Violation of State Consumer Protection Laws | |
| X | VIII | Unjust Enrichment | New Jersey, Illinois |

**NOTE**

If Plaintiff wants to allege additional Causes of Action other than those selected in the preceding paragraph, which are the Causes of Action set forth in the Master Complaint, the facts supporting those additional Causes of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff may attach additional pages to this Short-Form Complaint.

**VII.  ADDITIONAL CAUSES OF ACTION**

11. Plaintiff asserts the following additional Causes of Action and supporting allegations against the following Defendants:

4867-1557-9896v.1

[*Check the applicable box*]:

x **WHEREFORE,** Plaintiff prays for all available compensatory damages, treble damages, punitive damages in amounts to be proven at trial, declaratory and injunctive relief and judgment against Defendant(s) and all such further relief that this Court deems equitable and just as set forth in the Master Complaint, and any additional relief to which Plaintiff may be entitled, including disgorgement.

☐ **WHEREFORE,** Plaintiff prays for declaratory and injunctive relief and judgment against Defendant(s) and all such further relief that this Court deems equitable and just as set forth in the Master Complaint, and any additional relief to which Plaintiff may be entitled.

## JURY DEMAND

[*Check the applicable box*]:

x Plaintiff hereby demands a trial by jury as to all claims in this action.

☐ Plaintiff **does not demand** a trial by jury as to all claims in this action.

\*\*\*\*

By signature below, Plaintiff's counsel hereby confirms its/his/her submission to the authority and jurisdiction of the United States District Court of the Northern District of Illinois and oversight of counsel's duties under Federal Rule of Civil Procedure 11, including enforcement as necessary through sanctions and/or revocation of pro hac vice status.

Dated: November 25, 2024    **Arnall Golden Gregory LLP**

*/s/ Matthew M. Lavin*
Matthew M. Lavin

Matthew M. Lavin (pro hac vice to be filed)
matt.lavin@agg.com
Arnall Golden Gregory LLP
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 20006
Telephone: 202.677.4030
Facsimile: 202.677.4031

7

**Napoli Shkolnik PLLC**

_____
Hunter Shkolnik

Hunter Shkolnik (HS4854) (Admitted SDNY)
NS PR Law Services, LLC
1302 Avenida Ponce de León
Santurce, Puerto Rico 00907
Tele: (787) 493-5088
Fax: (646)843-7603
Email: Hunter@NSPRLaw.com

**MAZIE SLATER KATZ & FREEMAN, LLC**

*/s/ Eric D. Katz*
Eric D. Katz


Eric D. Katz (EK7630) (Admitted SDNY)
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway, 2nd Floor
Roseland, NJ 07068
Telephone: (973) 228-9898
Fax: (973) 228-0303
Email: Ekatz@mazieslater.com


Additional Co-Counsel

**COHEN HOWARD LLP**

Leslie S. Howard, Esq.
Cohen Howard LLP
766 Shrewsbury Ave., Suite 200
Tinton Falls, New Jersey 07724
Telephone: (732) 747-5202
Email: Lhoward@cohenhoward.com

Attorneys for Plaintiff

8

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on November 25, 2024, he/she electronically filed a copy of the attached via the CM/ECF filing system, which sent notification of such filing to all Filing Users.

*/s/ Matthew M. Lavin*
*Attorneys for Plaintiff*

4867-1557-9896v.1